UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

DUSHAWN SEAN HOWARD,

                                            Plaintiff,                    9:20-CV-0264
                                                                          (GLS/DJS)

              v.

SHERIFF D. DAGOSTINO, et al.,

                                            Defendants.

_____

APPEARANCES:

DUSHAWN SEAN HOWARD
19-A-2588
Plaintiff, pro se
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY12929

GARY L. SHARPE
Senior United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

        Pro se plaintiff Dushawn Sean Howard commenced this civil rights action on March 10,

2020, by filing a complaint.  Dkt. No. 1 ("Compl.").  On April 9, 2020, pursuant to 28 U.S.C. §

1915 ("Section 1915") and 28 U.S.C. § 1915A ("Section 1915A"), the Court issued a Decision

and Order granting plaintiff's request to proceed in the action in forma pauperis ("IFP") but

dismissing the complaint, with leave to amend, for failure to state a claim upon which relief

may be granted.  Dkt. No. 6 ("April Order").

        On May 7, 2020, the Court received plaintiff's amended complaint, Dkt. No. 7 ("Am.

Compl."), which names the following individuals as defendants: (1) Schenectady County

Sheriff D. Dagostino, (2) Schenectady County Correctional Facility ("Schenectady County C.F.") Captain Cufari, (3) Schenectady County C.F. J. Vanhoeson, (4) Schenectady County C.F. Correctional Officer J. Dickerson, and (5) Schenectady County C.F. Physician McPhillips.[1]  Am. Compl. at 1-2.

The Clerk has forwarded the amended complaint to the Court for review.

## II.    PLAINTIFF'S AMENDED COMPLAINT

### A.    Governing Legal Standard

The legal standard governing the review of a pro se inmate-plaintiff's complaint pursuant to Sections 1915 and 1915A was discussed at length in the April Order and will not be restated in this Decision and Order.  April Order at 2-4.

### . B.    Summary of the Amended Complaint

Although plaintiff is now in the custody of the New York State Department of Corrections and Community Supervision, at all times relevant to this action plaintiff was confined in Schenectady County C.F.  Am. Compl. at 3.  The following facts are as alleged in the complaint.

On August 1, 2018, plaintiff was confined in "quarantine on observation tier" after he was discharged from the hospital with "unhealed and open wounds."  Am. Compl. at 3. Between 7 A.M. and 10 P.M. on that date, plaintiff's observation cell had no bedding, requiring plaintiff to "lay on the bare mattress in the August heat."  *Id.*  Plaintiff was also denied showers and any contact with others.  *Id.*  The next day, plaintiff learned that defendant McPhillips, the Schenectady County C.F. physician, had ordered that plaintiff be

---

[1]  The Clerk is respectfully directed to add defendant McPhillips to the docket as a party and terminate defendants Schenectady County Sheriff Department, C.F.G. Enterprises, Barrett, and Labrake from the action.

housed under those conditions. *Id.* Plaintiff asked defendant Vanhoesen for a grievance to complaint about his conditions of confinement but was told "his conditions were not grievable issues" and that he was "not allowed writing materials, pen, paper etc." *Id.*

On an unidentified date after he arrived at Schenectady County C.F., plaintiff "complained of fungus between his thighs that he sustained" at the hospital but was told that it was "only a rash" and not provided "anything for relief." Am. Compl. at 4.

On or about August 6 or 7, 2018, during the "11PM-7AM tour," plaintiff told defendant Dickerson that he "was having pains and was not feeling well and needed medical attention." Am. Compl. at 4. Defendant Dickerson denied plaintiff's request. *Id.* During the "7AM-3PM tour," a sergeant observed plaintiff twitching in his cell. *Id.* Plaintiff was then transported by ambulance to a local hospital at approximately 11 A.M. *Id.*

At the hospital, plaintiff was told he had suffered a minor stroke and was held for two nights for monitoring. Am. Compl. at 4. As a result of the stroke, the left side of plaintiff's body "was not functioning properly," and he received physical therapy while at the hospital. *Id.*

Plaintiff returned to Schenectady County C.F. on or about August 9, 2018, and was again confined in the same observation cell and again denied bedding, showers, and any communication with his attorney and family for two weeks. Am. Compl. at 4. Plaintiff was permitted to communicate with other inmates at the facility during his confinement in the observation cell. *Id.* Plaintiff also received regular medical treatment during this two-week period. *Id.*

On an unidentified date after plaintiff returned to Schenectady County C.F., plaintiff refused to take his medication, requested a shower, and complained to a nurse about

stomach pains and loose stools.  Am. Compl. at 4.  The nurse told plaintiff that, if he took his

medicine, she would try to get him permission for a shower.  *Id.*  The nurse otherwise ignored

plaintiff's medical complaints.  *Id.*

Liberally construed, the complaint asserts the following causes of action: (1)

Fourteenth Amendment deliberate medical indifference asserted against defendants

Dickerson and McPhillips; (2) Fourteenth Amendment conditions of confinement asserted

against defendants Dagostino, and Cufari; and (3) Fourteenth Amendment due process

asserted against defendant Vanhoesen.  Am. Compl. at 5-8.[2]  For a complete statement of

plaintiff's claims, reference is made to the amended complaint.

**C.    Analysis**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 ("Section 1983"), which

establishes a cause of action for "the deprivation of any rights, privileges, or immunities

secured by the Constitution and laws" of the United States. "Section 1983 itself creates no

substantive rights[ but] provides . . . only a procedure for redress for the deprivation of rights

established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993).

**1. Fourteenth Amendment Deliberate Medical Indifference Claims**

---

[2]  As explained to plaintiff in the April Order, *see* April Order at 7 n.4, although he purports to assert conditions of confinement claims arising out of the Eighth Amendment, *see, e.g.,* Am. Compl. at 7, according to the allegations in the amended complaint, he was a pretrial detainee at all times relevant to this action. *Id.* at 1. Accordingly, the Court has construed his conditions of confinement claims as arising solely under the Fourteenth Amendment. *See Darnell v. Pineiro,* 849 F.3d 17, 29 (2d Cir. 2017).

**Asserted Against Defendants Dickerson and McPhillips**

The legal standard governing a Fourteenth Amendment deliberate medical indifference claims asserted by pretrial detainees was set forth in the April Order and will not be repeated in this Decision and Order.  April Order at 12.

### a.  Defendant Dickerson

With respect to defendant Dickerson, the allegations in the amended complaint are not materially different than those set forth in the original complaint.  In particular, the amended complaint alleges that, during the overnight shift on August 6-7, 2018, plaintiff told defendant Dickerson "that he was having pains and was not feeling well and needed medical attention."  Am. Compl. at 4, 5.  Plaintiff's amended complaint newly alleges that defendant Dickerson "was assigned to watch plaintiff while [he] was housed in the observation cell, but defendant Dickerson inexplicably chose to not report his observation of plaintiff's request for medical attention to medical staff."  *Id.* at 5.  During the 7 A.M. to 3 P.M. shift on August 7, 2018, a "sergeant observed plaintiff twitching in his cell" and an ambulance was called to transport plaintiff to an outside hospital.  *Id.*

Even liberally construed, the amended complaint fails to satisfy either the objective or subjective components of a deliberate medical indifference claim arising under the Fourteenth Amendment.  "The first element requires a condition of urgency, one that may produce death, degeneration, or extreme pain."  *Bruno v. City of Schenectady*, 727 F. App'x 717, 720 (2d Cir. 2018) (internal quotation marks omitted).  Plaintiff alleges that, at the time he requested medical attention from defendant Dickerson during the overnight shift, plaintiff told Dickerson that he was experiencing "pains" and "not feeling well."  Am. Compl. at 4, 5.  Plaintiff does not allege that he described any other details of his physical symptoms to defendant Dickerson or

that he, in fact, was experiencing any other specific symptoms (aside from unspecified "pain" and unwellness).  *Id.*  Although plaintiff learned the next day that he suffered a minor stroke, there are no allegations in the amended complaint that plausibly suggest plaintiff's vague and nondescript symptoms of pain and unwellness from the night before were indications that he was having a stroke. In any event, even assuming that plaintiff's amended complaint alleges sufficient facts to satisfy the objective element of a deliberate medical indifference claim, defendant Dickerson's refusal to request medical assistance was not reckless because the symptoms plaintiff described were vague and did not reasonably suggest that plaintiff was at risk of suffering a health emergency, including a stroke.  *See Bruno*, 727 F. App'x at 720 (describing the second element of a deliberate medical indifference claim to include when a defendant "recklessly fail[s] to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health"); *cf. McKeithen v. Jackson*, 606 F. App'x 937, 939 (11th Cir. 2015) (affirming the dismissal of an Eighth Amendment deliberate medical indifference claim on summary judgment, explaining, among other things, "[t]hat [the plaintiff] was not taken to see a doctor at his request does not rise to the level of deliberate indifference, even if, in hindsight, he was having a stroke").  Accordingly, plaintiff's deliberate medical indifference claim asserted against defendant Dickerson is dismissed for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).

### b.  Defendant McPhillips

Plaintiff's deliberate medical indifference claims asserted against defendant McPhillips

6

are based on two medical conditions suffered by plaintiff, which will each be considered separately below.  *See* Am. Compl. at 6.

First, plaintiff alleges that, following his release from the hospital on August 1, 2018, defendant McPhillips ordered plaintiff to be housed in an observation cell in Schenectady County C.F. without any bedding, despite the fact that plaintiff was discharged from the hospital with "unhealed and open wounds."  Am. Compl. at 6.  According to plaintiff, without bedding, the wounds could not heal properly and risked infection from contact with the "bare mattress and pillow that may have harbored germs."  *Id.*  Plaintiff alleges that defendant McPhillips had knowledge of plaintiff's unhealed wounds when ordering him to be housed in the observation cell without bedding.  *Id.* Mindful of the Second Circuit's instruction that a pro se plaintiff's pleadings must be liberally construed, *see, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court will require a response to plaintiff's deliberate medical indifference claims asserted against defendant McPhillips based on the foregoing allegations.

The second deliberate medical indifference claim asserted against defendant McPhillips is based on allegations that defendant McPhillips did not provide plaintiff any treatment for a fungal infection.  Am. Compl. at 6.  Plaintiff describes the condition as a "fungus growth between his thighs."  *Id.*  With due regard to plaintiff's pro se status, the foregoing allegations do not support a cognizable constitutional claim.  There are no allegations concerning the severity, duration, or symptoms of the fungal infection.  Although the amended alleges that the infection caused some plaintiff discomfort (for which he needed "relief," *id.* at 6), this does not plausibly suggest that plaintiff suffered a sufficiently serious medical condition.  *See, e.g., Scott v. Laux*, No. 07-CV-0936, 2008 WL 4371778, at *5

(N.D.N.Y. Sept. 18, 2008) (dismissing the plaintiff's deliberate medical indifference claim because the plaintiff's fungal infection was not sufficient to "constitute a serious medical need[]").  Accordingly, plaintiff's medical indifference claim asserted against defendant McPhillips based on allegations that plaintiff sought treatment for a fungal infection is dismissed for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).

### 2.  Fourteenth Amendment Conditions of Confinement Claims Asserted Against Defendants Dagostino and Cufari

Mindful of the Second Circuit's instruction that a pro se plaintiff's pleadings must be liberally construed, *see, e.g., Sealed Plaintiff*, 537 F.3d at 191, the Court will require a response to plaintiff's Fourteenth Amendment conditions of confinement claims asserted against defendants Dagostino and Cufari.  In so ruling, the Court expresses no opinion as to whether those claims can withstand a properly filed dispositive motion.

### 3.  Fourteenth Amendment Due Process Claims Asserted Against Defendant Vanhoesen

As he did in the original complaint, plaintiff asserts a Fourteenth Amendment due process claim against defendant Vanhoesen in his amended complaint based on allegations that defendant Vanhoesen denied his request for a grievance.  Am. Compl. at 8.  The Court previously explained to plaintiff, however, that the Constitution does not mandate that prisoners be provided access to a grievance procedure during their incarceration.  *See Cancel v. Goord*, No. 00-CV-2042, 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2001) (dismissing the amended complaint where the plaintiff alleged that the defendant "failed to process" his grievance because such allegations do not give rise to a constitutional claim);

8

*accord, Shell v. Brzezniak*, 365 F. Supp. 2d 362, 369 (W.D.N.Y. 2005); *see also Justice v. Coughlin,* 941 F. Supp. 1312, 1316 (N.D.N.Y. 1996) ("[M]ere violations of an inmate grievance system do not violate the Constitution.").  Accordingly, plaintiff's claim asserted against defendant Vanhoesen is dismissed for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).

III.    **CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk is respectfully directed to add defendant McPhillips to the docket as a party and terminate defendants Schenectady County Sheriff Department, C.F.G. Enterprises, Barrett, and Labrake from the action; and it is further

**ORDERED** that plaintiff's amended complaint (Dkt. No. 7) is **ACCEPTED for filing** only to the extent that it asserts (1) a Fourteenth Amendment deliberate medical indifference claim against defendant McPhillips based on allegations that defendant McPhillips ordered plaintiff to be confined in a cell without bedding, access to showers, and visitation; and (2) Fourteenth Amendment conditions of confinement claims against defendants Dagostino and Cufari; and it is further

**ORDERED** that, except as to the foregoing, all claims asserted in the amended complaint are **DISMISSED without prejudice**, and the Clerk is respectfully directed to **TERMINATE** defendants Dickerson and Vanhoesen from the docket; and it is further

**ORDERED** that the Clerk shall issue summonses and forward them, along with copies of the amended complaint, to the United States Marshal Service for service upon defendants McPhillips, Dagostino, and Cufari; and it is further

**ORDERED** that the Clerk shall forward to the New York State Attorney General a copy of the summonses, the amended complaint, and this Decision and Order; and it is further

**ORDERED** that a response to the amended complaint shall be filed by defendants McPhillips, Dagostino, and Cufari as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that all pleadings, motions, and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with rule 7.1 of the Local Rules of Practice for the Northern District of New York in filing motions.  Motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court.  **<u>Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so may result in the dismissal of this action</u>**; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

June 16, 2020
Albany, New York

Gary L. Sharpe
U.S. District Judge