**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

DUSHAWN SEAN HOWARD,

                                                  Plaintiff,

     - v -                                               9:20-CV-264
                                                        (GLS/DJS)

SHERIFF D. DAGOSTINO, CAPTAIN CUFARI,
SCCF PHYSICIAN MCPHILLIPS,

                                              Defendants.
_____

**APPEARANCES:**                                  **OF COUNSEL:**

DUSHAWN SEAN HOWARD
Plaintiff, *Pro Se*
19-A-2588
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929

GOLDBERG SEGALLA, LLP              JONATHAN M. BERNSTEIN, ESQ.
Attorney for Defendants Dagostino       JAMES F. FAUCHER II, ESQ.
and Cufari
8 Southwoods Blvd., Suite 300
Albany, New York 12211-2526

PHELAN, PHELAN, & DANEK, LLP       TIMOTHY S. BRENNAN, ESQ.
Attorney for Defendant McPhillips        KATRINA N. VOLLMER, ESQ.
300 Great Oaks Blvd., Suite 315
Albany, New York 12203

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**[1]

Pro se Plaintiff Dushawn Sean Howard ("Plaintiff") brought this action under 42 U.S.C. § 1983 alleging that the Defendants violated his constitutional rights under the Eighth and Fourteenth Amendments while he was an inmate in the Schenectady County Correctional Facility. Dkt. No. 7, Am. Compl. Following initial review, the only claims that remain are Fourteenth Amendment claims against Defendants Dagostino, Cufari ("County Defendants"), and McPhillips. *See* Dkt. No. 8. Defendants have now made separate Motions for Summary Judgment requesting that the Court dismiss Plaintiff's claims. Dkt. Nos. 23 & 31. Plaintiff opposes the Motions. Dkt. No. 37. Defendants have filed replies. Dkt. Nos. 39 & 41. For the following reasons, this Court recommends that the Motions for Summary Judgment be granted.

### I. BACKGROUND

On August 1, 2018, Plaintiff was taken into custody at the Schenectady County Correctional Facility ("SCCF"). Am. Compl. at ¶ 9. Plaintiff was sent to SCCF following a three-week hospitalization resulting from a self-inflicted gunshot wound to his face. *Id.*; Dkt. No. 23-2, Tr. at p. 12.[2] Plaintiff entered SCCF with "unhealed and open wounds," on the right side of his face and neck. *Id.* In accordance with SCCF's policy for prisoners who are injured and/or a risk for suicide, Plaintiff was placed on "[m]edical and mental"

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

[2] Plaintiff's 50-h hearing transcript is referred to herein as "Tr."

watch in SCCF, requiring him to be kept in quarantine and on observation while at the facility. *Id*. at p. 19; Dkt. No. 23-9, Cufari Aff. at ¶ 14.

Defendant McPhillips was the SCCF Medical Director from July 2018 through 2020. Dkt. No 32-6, McPhillips Affirm. at ¶ 3. Defendant Cufari is Captain of the Schenectady County Sheriff's Department, a position he has held since November 2, 2008. Cufari Aff. at ¶ 2. Defendant Dagostino has been the Schenectady County Sheriff since November 2009. Dkt. No. 23-8, Dagostino Aff. at ¶ 2.

Plaintiff alleges that he was sent to a cell where there was no bedding, "requiring [him] to lay on the bare mattress in the August heat" between the hours of 7:00 a.m. and 10:00 p.m. Tr. at pp. 21-22. Plaintiff asserts that his mental health physicians informed him that his living conditions (including the disputed lack of bedding, showers, and communication) were ordered by Dr. McPhillips. Am. Compl. at ¶ 21. Defendants offer that "Plaintiff certified that he had received [a] pillowcase and sheet on August 1, 2018." Dkt. No. 23-6 at p. 3. Captain Cufari reviewed the "Summary of Facility Issued Items" for Plaintiff under SCCF's booking records and found that Plaintiff affirmed by signature that he had received a pillowcase and sheets upon entering the facility on August 1, 2018. Cufari Aff. at ¶¶ 15-16.

Plaintiff also claims that while he was at SCCF he was denied showers. Am. Compl. at p. 3. Specifically, Plaintiff alleges that he was only permitted to shower twice in a period of over twenty days. Tr. at p. 23. Additionally, Plaintiff asserts that he was denied contact with others. *See* Am. Compl. Plaintiff claims that for the twenty days that he was on medical watch, he was not allowed to use the phone or mail or have visitation,

Tr. at p. 38, and that he was denied contact and visitation because his attorney and family members were told that he was deceased. *Id.* at p. 36.

## II. STANDARD OF REVIEW

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(C); see also *Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard ... they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). In considering a summary judgment motion, the Court's role "is carefully limited to discerning whether there are any genuine issues of material fact to be tried." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding pro se, the court must "read [his or her] supporting papers liberally, and ... interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), accord, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. DISCUSSION

**A. Defendants Dagostino and Cufari**

Defendants Dagostino and Cufari seek summary judgment on several grounds. First, they contend Plaintiff has failed to establish their personal involvement in the alleged constitutional violation. Dkt. No. 23-10 at pp. 3-7. Second, they contend that the Fourteenth Amendment claims asserted by Plaintiff fail as a matter of law. *Id.* at pp. 7-15. Third, that they are entitled to qualified immunity. *Id.* at pp. 15-17. Finally, they contend that any claim against them in their official capacities must be dismissed. *Id.* at pp. 17-18. Because the Court concludes that summary judgment is clearly appropriate

for both Defendants based on the lack of personal involvement, it recommends that the Motion be granted on that basis.

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). In order to prevail on a section 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986); *see also Peck v. Cty. of Onondaga, New York*, 2021 WL 3710546, at *9 (N.D.N.Y. Aug. 20, 2021), *reconsideration denied*, 2021 WL 4394603 (N.D.N.Y. Sept. 27, 2021) ("a plaintiff must prove that the individual []he pursues under § 1983 was personally involved in [the] alleged constitutional violation.")

Plaintiff's claim against the County Defendants appears to be squarely based on their supervisory role at Schenectady County Correctional Facility. He does not allege direct action by either individual. Instead, he alleges only that Dagostino is liable for "failing to take action to remedy plaintiff's harsh living conditions" despite having a duty to do so. *See* Am. Compl. ¶ 23. He makes the same allegation against Cufari. *Id.* at ¶ 24. A supervisory official, however, "may not be held liable for damages for constitutional violations merely because he held a high position of authority." *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996). Despite this rule, the Second Circuit for some time held that a supervisory official could be held liable under circumstances related to that supervisory role that did not involve their direct action. *See Colon v. Coughlin*, 58

F.3d 865 (2d Cir. 1995). *Colon* set forth five theories of liability that could apply to supervisory officials. *Id.* at 873. The Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), however, "engendered conflict within our Circuit about the continuing vitality of the supervisory liability test set forth in *Colon*." *Reynolds v. Barrett*, 685 F.3d 193, 206 n. 14 (2d Cir. 2012). The conflict remained unresolved until the Second Circuit's decision in *Tangreti v. Bachmann* which concluded that "after *Iqbal*, there is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. at 676).

*Tangreti* requires that Plaintiff allege and establish that Defendants violated his rights "by [his] own conduct, not by reason of [his] supervision of others who committed the violation." 983 F.3d at 619. The record establishes that the actions complained of by Plaintiff, for example, regarding the bedding in his cell, his ability to shower, and visitation were not taken by either of the County Defendants. Dagostino Aff. at ¶ 3; Cufari Aff. at ¶ 2. Nor did they have any direct involvement in imposing the restrictions about which Plaintiff complains. *Id.* Plaintiff's claims are premised only on the authority of these Defendants regarding matters at SCCF. *See* Am. Compl. at ¶¶ 23-24. *Tangreti* expressly forecloses liability on such a theory. *Tangreti v. Bachmann*, 983 F.3d at 619.

Because Plaintiff's claims against these Defendants fail to establish the required personal involvement, it is recommended that the Motion for Summary Judgment on behalf of the County Defendants be granted.

### B. Defendant McPhillips

Plaintiff claims that Defendant McPhillips, the SCCF physician, "exercised deliberate indifference to Plaintiff's health by failing to provide adequate medical care to plaintiff while plaintiff was housed in [an] observation cell after he was discharged from a local hospital with unhealed and open wounds." Am. Compl. at ¶ 21; Dkt. No. 8 at pp. 7 & 9. Specifically, he alleges that Defendant McPhillips ordered that Plaintiff be housed without bedding. *Id.* Defendant McPhillips seeks summary judgment based on his lack of personal involvement, the merits of Plaintiff's claims, and qualified immunity. Dkt. No. 31-1 at pp. 5-10.

Plaintiff's medical care claims are analyzed under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment. *See Groves v. New York*, 2010 WL 1257858, at *6 (N.D.N.Y. Mar. 1, 2010). The standard under the Due Process Clause is similar in this context to that under the Eighth Amendment, requiring the plaintiff first to satisfy the "'objective prong' showing that the challenged conditions were sufficiently serious to constitute objective deprivations of [constitutional rights]" and second, to satisfy a "'mental element prong' - showing that the officer acted with at least deliberate indifference to the challenged conditions." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017); *see also Bell v. Carson*, 2018 WL 5993686, at *2 (N.D.N.Y. Nov. 15, 2018).

The first prong is an objective standard and considers whether the medical condition is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (*quoting Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). An injury is sufficiently serious for these

8

purposes when it involves "the existence of an injury that a reasonable doctor would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d. Cir. 1998).

Regarding the second prong "[a] pretrial detainee suing for deliberate indifference under the Fourteenth Amendment is required to show only that the prison official acted with objective recklessness, or that the defendant knew or should have known that an excessive risk to health or safety would result." *Revels v. Corr. Med. Care, Inc.*, 2018 WL 1578157, at *5 (N.D.N.Y. Mar. 28, 2018) (internal quotations omitted).

Plaintiff cannot establish his Fourteenth Amendment claim on the record before the Court. Plaintiff's claim against Dr. McPhillips relates to the alleged lack of proper bedding in his observation cell,[3] which he claims Dr. McPhillips should have known would hinder the healing of his self-inflicted gunshot wound. Am. Compl. at ¶ 21. The record before the Court, however, demonstrates that McPhillips had no such knowledge. McPhillips had no role in the decision to place Plaintiff on constant supervision or regarding Plaintiff's access to bedding once he was placed in that status. McPhillips Affirm. at ¶¶ 7 & 11; Dkt. No. 32-3 (intake form directing suicide watch for Plaintiff). There is also no evidence in the record that McPhillips had any authority to modify or terminate the conditions of Plaintiff's observation status. McPhillips Affirm. at ¶ 11. The record establishes that McPhillips first saw Plaintiff on August 13th, well after Plaintiff

---

[3] As Defendant McPhillips' Motion demonstrates, it appears likely that the claim that he lacked proper bedding is not correct, *see* Dkt. No. 32-3 at p. 7, but the Court accepts it as true for purposes of the Motion since the Court should construe the facts in light most favorable to the nonmovant here.

9

was placed on special watch and just one day before he was removed from that status. McPhillips Affirm. at ¶ 15; Cufari Aff. at ¶ 19. There are thus no facts from which a reasonable finder of fact could conclude that McPhillips either directed or was aware of the lack of proper bedding. In light of these undisputed facts, Plaintiff cannot establish either that Defendant McPhillips was personally involved in imposing or continuing the complained of cell conditions or that he acted with deliberate indifference toward Plaintiff with respect to conditions in his cell about which he was unaware. *Sheils v. Busse*, 2009 WL 1293680, at *11 n.12 (N.D.N.Y. May 6, 2009) (defendant could not be deliberately indifferent to a condition about which he was unaware).

## IV. CONCLUSION

For the reasons stated above, it is hereby

**RECOMMENDED**, that the Motions for Summary Judgment (Dkt. Nos. 23 & 31) be **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*,

892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  January 19, 2022
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge